## HEIM v DESHLER-WALLICK HOTEL CO.

Ohio Appeals, 2nd Dist, Franklin Co

No 3320. Decided Oct 3, 1941

A. R. Kipperman, Toledo; Dunifon & Topper, Columbus, for plaintiff-appellant.

Tussing & Lane, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing the 5th amended petition of the plaintiff. The action of dismissal followed the sustaining of a motion to strike certain matter from the 5th amended petition which had been sustained, and the court provided that if it was desired to file another petition leave of court first be obtained. Defendant objected and excepted to this procedure and thereupon the court considered the motion as a demurrer, sustained it and defendant, electing to plead no further, the petition was dismissed.

The plaintiff, in six petitions, at-

tempted, in many forms of verbiage, to plead her cause of action.

In the first petition the plaintiff averred that in August, 1936, she was in attendance at a convention of the Daughters of America being held at the Deshler-Wallick Hotel; that the Lodge hired of the defendant the use of the hall in the hotel for the purpose of conducting various exercises, drilling formations and other functions of the Lodge for all attendants to the convention; that in the afternoon of the aforesaid day plaintiff entered the hall in the hotel for the purpose of participating in drilling formations; that when she had reached a point on the floor of the hall about three or four feet from the entrance thereof, she slipped and fell and was injured. The negligence charged was that defendant knew the purpose for which the hall was rented but failed to exercise ordinary care in making the floor reasonably safe for such use. Plaintiff pleads specifically that "defendant was further negligent in that the said floor was highly polished, extremely slippery and unsafe for either drilling formations or ordinary walking"; that the plaintiff had no knowledge of the condition of the floor and could not in the exercise of ordinary care have known of such condition; that the defendant knew of its condition and negligently failed to inform plaintiff or any member of the organization.

Defendant moved to strike the general allegation that the defendant failed to exercise ordinary care in making the floor reasonably safe for such use; the allegation that defendant was negligent in that the floor was highly polished, extremely slippery and unsafe, etc., and that the plaintiff could not in the exercise of ordinary care have had knowledge of the condition of the floor. This motion was sustained in its entirety upon the ground that the averments were nothing more than legal conclusions. Thereafter in the succeeding petitions the plaintiff labored diligently to observe the ruling of the court on the motion to the original petition, but in the opinion of other judges none of the succeeding petitions met the infirmity found by the court on the motion to the original petition.

The rule that one may not plead legal conclusions is well known and simply stated; so also is ██ the prohibition against the pleading of evidentiary facts. The obligation of the pleader is to set forth ultimate facts only. The authorities are in hopeless confusion in the application of these rules. If we should undertake to consider and discuss the cases on the subjects, we would but establish the confusion that is recognized by all textbook writers and the courts.

In the 5th amended petition, which is the petition that was stricken on motion and held to be bad on demurrer and on review here, the plaintiff charged that the defendant was negligent in that it furnished for said drilling purposes a hall with a floor which was suitable for dancing and not for drilling purposes; that prior to the time the plaintiff stepped upon said floor defendant placed upon said floor a substance or material known to defendant but unknown to plaintiff, which made the surface of said floor of said hall suitable for dancing; that the defendant knew or should have known that said drilling formations could not be safely conducted on a floor of a room suitable for dancing; that the defendant failed to place a covering on said floor or to make the floor of said hall suitable for drilling purposes and failed to warn or inform the plaintiff that the portion of the floor on which she slipped, and was thrown and injured thereby, was suitable for dancing and not for drilling purposes, and that the defendant failed to warn the plaintiff that the floor of said hall rented by aforesaid lodge for drilling purposes was not suitable for said purposes. The defendant having elected to plead no further is bound by the averments of the 5th amended petition only, and if it does not state a cause of action, incorporating a part thereof the language stricken by the

court, the plaintiff has not been prejudiced, although the court may have erred in holding the stricken matter was a conclusion of law.

Plaintiff claims to bring herself within a different relationship to the defendant than that of the ordinary guest of the hotel. As to the ordinary guest it could not be asserted that the defendant breached its duty to provide a safe place, or that it created a pitfall or failed to warn the plaintiff of a dangerous condition, because a floor which is suitable for dancing may not for that reason be said to be dangerous. In the consideration of a floor suitable for dancing we assume that it is waxed and slippery, as in **Bonawitt v Sisters of Charity, 11 Abs 303.** This fact is common knowledge.

The action here is in tort and not upon the contract. It is to be noted that the plaintiff does not plead that she was a member of the lodge nor does she plead that she had any knowledge of the contract by the terms of which the defendant was to provide the lodge with a hall with a floor suitable for drilling purposes. If upon any view of the contract a right of action by reason of the breach thereof accrued to any person other than the lodge itself, would this right extend to the plaintiff unless and until it appeared that she was a member of the organization in whose behalf the contract was negotiated?

If it can in part be the basis of an action in tort, should not plaintiff plead that she knew of the obligation enjoined upon the defendant respecting the floor by the terms of the contract?

None of these questions is mentioned in the briefs but the petitions all proceed upon the theory that plaintiff may avail herself of the contract to the extent that the defendant was required thereby to provide a reasonably safe place for plaintiff to drill.

If plaintiff is entitled to the benefit of the status in which she pleads the defendant was placed by reason of its contract, which right we doubt, then she was entitled to a floor which was reasonably safe for drilling. But it is not alleged that plaintiff was injured while drilling but as she took three or four steps upon the floor, or, as we interpret the allegation, as she was walking. A floor which is polished and slippery for dancing may not be said in law to be dangerous for the purpose of walking. So that, if the defendant was under contractual obligation to the plaintiff, the breach of the contract was not the cause of the injury suffered.

If it be granted that defendant was required to provide a suitable floor for drilling and that a polished or slippery floor would not meet that obligation, even so plaintiff was required to exercise ordinary care for her own safety. The accident occurred in the daytime. There is nothing in the petition to indicate that plaintiff could not or did not see the floor in its general aspect as she stepped upon it. It is not claimed that the floor was dimly lighted nor that there was anything that interfered with her ability to see it. Unless some such fact is set out, she would be charged with the knowledge of the condition of the floor and that it was slippery and polished. She would, then, be required to exercise a different degree of care in walking upon it than if it was not slippery and had been prepared for drilling. Her failure to do so suggests contributory negligence and there is nothing in the averments of the petition to negative this suggestion. The situation presented is not that where there if some special condition or some part of the floor or some slippery object on the floor as to which it can not be said that plaintiff, as a matter of law, would not be required to make observation. The condition complained of here relates to the whole surface of the floor.

We are of opinion that giving to the plaintiff the benefit of all legal intendments of the subject-matter pleaded in her fifth amended petition without deletion by reason of the matter ordered to be stricken, it does not state

a cause of action and that the demurrer thereto was properly sustained.

Judgment affirmed.

GEIGER, PJ. and BARNES, J., concur.