**SPITLER, Plaintiff-Appellant, v. MONTGOMERY WARD & COMPANY, INC., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4523.   Decided March 9, 1951.

Donald S. McNamara, Columbus, for appellant.

Watson, Davis & Joseph, Carl Gaeton Nappi, of Counsel, Columbus, for appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the final order of the Court of Common Pleas, Franklin County, Ohio. The order sustained the motion of the defendant to strike the third amended petition from the files for the reason that the same failed to state a cause of action. Upon the request of the plaintiff the Court treated defendant's motion as a demurrer, sustained the same and the plaintiff not desiring to plead further judgment was rendered for the defendant. The Court did not err in treating the motion as a demurrer as we find this is permissible. **Heim v. Deshler-Wallick Hotel Co., 35 Abs 395.**

The next question presented is whether the third amended petition stated a good cause of action. The specifications of alleged negligence set forth in said petition are as follows:

"Plaintiff's injuries were the direct and proximate result of the negligence of the defendant in the following particulars, to wit:

1. Defendant maintained said floor immediately adjacent to

the elevator in a highly smooth and slippery condition when it knew that persons alighting thereon from the elevator must do so without an opportunity to observe or inspect the condition of said floor.

2. Defendant failed to maintain a rubber or other non-slippery mat on the floor immediately adjacent to the elevator when it knew that said area is congested with customers who obscure each other's view of said floor upon leaving the elevator.

3. Defendant's employee who operated said elevator at the above mentioned time failed to warn plaintiff of the slippery condition of the floor onto which she must step upon leaving the elevator.

4. Defendant so waxed or polished its floor as to allow it to become slippery in spots and not uniform in its entirety.

5. Defendant so lighted its store as to cast shadows over its counters and floor, and prevent plaintiff from observing an irregular pattern of slippery spots on the floor."

We think that the law of this state is well established that the mere waxing of a floor is not sufficient to constitute a good cause of action. There must be the further allegation that the defendant was negligent in the materials used or in the manner of application.

In the case of **Bonawitt v. Sisters of Charity, 43 Oh Ap 347,** at **page 348** it is said:

"An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them. If a recovery is to be had, something more must appear than that the floor has had such treatment as is ordinarily applied in the care of floors."

In the case of **J. C. Penny Co. v. Robison, 128 Oh St 626,** the Court also laid down the rule that it is not negligence per se to have an oiled floor, but the plaintiff in the 4th specification of negligence alleges that the surface of the floor was waxed or polished in such a manner that it was not uniform in its entirety; that the defendant was negligent in the preparation and maintaining of the floor so "as to allow it to become slippery in spots." In the Penny case, supra, the Court quotes with approval from the case of Dimarco v. Cupp Grocery Co., 88 Pa. Sup. Ct., 449, and from which it quotes the following at **page 633:**

"It is not negligence per se to have an oiled floor in a store * * * nor to apply an oil dressing to a floor if it is done in a proper manner and so as not to leave it in any different condition than is usual with oiled or polished floors."

The specification of negligence here set forth, we think, states a condition that is not usual with waxed floors, smooth only in spots. The same duty is defined in the second syllabus of the Penny case, which says that the owner is required to exercise "ordinary care in the application of the oil to the floor, and the maintenance of the floor thereafter."

The appellant also cites the case of Frazier v. Mace-Ryer Co., 232 Mo. Appeals, 811, 114 S. W. (2d) 150. At page 153 the Court says:

"The distinguishing feature in the case at bar is the fact that when evidence most favorable to plaintiff is considered, we are confronted with the evidence that the floor in defendant's store was not uniform as to its surface, in that an entirely different condition existed at the place (of the accident) where plaintiff slipped and fell. In other words, at the place of the accident there was a spot, and from the evidence an inference may be drawn that the wax on the floor at this particular spot had not been rubbed down or polished, thus presenting a different or changed condition from that which existed on the other parts of the floor where plaintiff had been walking.

"We conclude that the evidence of the above tenor and effect is sufficient to make a submissible case for the jury and therefore must conclude that the court did not commit error in refusing defendant's peremptory instruction in the nature of a demurrer."

We think the facts in the case of **Molnar v. Scott-Burr Stores Corporation, 33 Abs 142,** are quite similar to those in the case at bar, the second syllabus of which provides:

"A patron of a store may recover damages for injuries resulting from slipping and falling, caused by the negligent manner of applying oil to the floor and caring for it, where the evidence shows that the oil was splotchy in spots, on the floor in excessive amount, wet in some places, recently placed there, and the floor was allowed to continue in such unusual and dangerous condition after store officials should have known of its existence "

It is our conclusion that for the foregoing reasons the petition stated a good cause of action and that the Court erred in sustaining the demurrer. The judgment will be reversed and cause remanded.

HORNBECK, PJ, and WISEMAN, J, concur.