**McCUNE, Plaintiff-Appellant, v. INDUSTRIAL NUCLEONICS CORPORATION et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4549.   Decided September 27, 1951.

Russ Bothwell, Columbus, for plaintiff-appellant.

Wright, Harlor, Purpus, Morris & Arnold, Rudolph Janata, Jr., of Counsel, Columbus, for defendant-appellee, Robert A. Minch.

Folkerth & Folkerth, Columbus, for defendant-appellee, Industrial Nucleonics Corporation.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court dismissing the petition for the reason that counsel for the plaintiff refused to comply with the court order sustaining a motion to strike certain matters from the petition. The material part of plaintiff's petition reads as follows:

"Plaintiff says that at about 5:25 P. M. on August 29. 1950 she was driving a DeSoto auto going west on Fourth Avenue approaching and crossing Summit Street; that at said time and place defendants were driving a Chrysler auto going south on Summit Street approaching and crossing said Fourth Avenue. Fourth Avenue is an east-west street and Summit Street is a north-south street and said streets intersect each other in the residential district of the city of Columbus, Ohio. Defendants

caused the front end of their Chrysler to crash into the right side of the DeSoto then stopped in the said intersection, as more fully hereinafter described. Defendants were negligent in the following respects in proximately causing the aforesaid collision to wit:

"Defendants failed to stop within their assured clear distance ahead **in that, plaintiff had brought her DeSoto to a stop headed west in the center of the intersection and remained in that condition all the time while defendants were driving their Chrysler going south in Summit Street approaching and entering the said intersection and crashed their automobile into the side of plaintiff's standing automobile.**

"2. Defendants did not keep any lookout ahead of them.

"3. Defendants continued on at unabated speed after becoming aware of the aforesaid position of plaintiff's car **and failed to check their speed** or to divert the course of their car **after becoming aware of the peril of the impending collision.**" (Emphasis ours.)

The defendant, Robert A. Minch, filed a motion to strike from the petition the words underscored in the first and third specifications of negligence, alleging that the same was "surplusage, argumentative, repetitious, duplicitous, conclusions, improper and prejudicial." The trial court in sustaining the motion to the first specification was of the opinion that the matter sought to be stricken was evidentiary in character. He stated further that the operative fact to support alleged violation of the assured clear distance ahead rule is pleaded in the body of the petition.

We find no error in this ruling and are in accord with this legal conclusion.

It is the duty of the pleader to allege ultimate facts as distinguished from the evidence which would be adduced in support of the allegations. **Kerr v. Bellefontaine, 59 Oh St 446,** 52 N. E. 1024. The court also sustained the motion to the third specification for the reason that the words stricken were repetitious. We are also in accord with this conclusion for the reasons given. These words may be classified as being redundant and the ruling on such a motion is addressed to the sound judicial discretion of the trial court whose ruling will not be disturbed unless that discretion is shown to have been abused. The Cleveland Punch & Shear Works Co. v. The Consumers Carbon Company, 5 O. C. C. (N. S.) 258; 25 O. C. C. 307, reversed on other grounds in **75 Oh St 153.**

The record reveals that there was a second defendant in the action, to wit, Industrial Nucleonics Corporation, which filed an answer to the plaintiff's petition. In so doing it has

waived any defects which may have been contained in the petition.

We are of the opinion that the order of dismissal should have been directed only to the defendant, Robert A. Minch, and not to both parties defendant. The order dismissing the Industrial Nucleonics Corporation will be reversed and the cause ordered remanded to the trial court for further proceedings.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

By HORNBECK, PJ, concurring.

I concur in the action of the majority in affirming the dismissal of the petition against defendant-appellee, Robert A. Minch, but for a different reason than that asserted in the majority opinion.

The petition stated a cause of action in the second specification of negligence "that the defendants did not keep any lookout ahead of them" and had the appellant complied with the dismissal order he had the right to proceed upon the second specification of negligence and, in probability, the Common Pleas Court was of opinion that the first specification of negligence stated a cause of action without the matter ordered stricken in sustaining the motion. However, appellant, with knowledge of his rights, elected to refuse to comply with the order of the Court and there is thus presented only the question whether the judge abused his discretion in sustaining the motion. I believe that he acted within his discretionary power although he may have erred in sustaining the motion. Harrison v. Knight, Admr., 19 O. C. C. (N. S.) 457.

In my judgment the court erred in sustaining the motion in both particulars challenged on this appeal. It is of course basic that a pleader must set up operative facts which constitute a cause of action. In a negligence case it is not sufficient nor proper to plead only the violation of a statute in terms of the statute. **Goldsberry v. Lefevre, 24 Abs 146.** Thus, the mere averment in the petition that defendants failed to stop within their assured clear distance ahead is not good pleading and there must be set forth other ultimate facts which require the conclusion that the assured clear distance ahead provision of the statute has been violated. I am unable to find any subject matter in the allegations of the petition prior to that which the court ordered stricken which would require the conclusion that the defendant violated the assured clear distance ahead statute. There is but a recitation of the fact that the parties were approaching the intersection where the collision occurred; that the plaintiff had stopped her automobile in the intersection without designating the

exact place where she had stopped and that defendants driving a Chrysler crashed into the right side of the DeSoto. Indulging the presumption of due care on the part of the defendants we find no operative facts in that part of the petition which we are now discussing which invokes the application of §6307-21 GC. Manifestly, the pleader had no purpose to charge a negligent act up to the language objected to by the motion because thereafter he sets out what he asserts constitute the specifications of negligence. There may be some question if the language stricken is a charge of violation of the assured clear distance ahead statute, although it may be so construed; without it there is, in my judgment, no such averment.

The court erred in striking from the third specification the averment "and failed to check their speed" and "after becoming aware of the peril of the impending collision." The averment "after becoming aware of the peril of the impending collision" is material to the stating of a cause of action and the language in its entirety conforms closely enough to the fifth syllabus of **Morris v. Bloomgren, 127 Oh St 148,** to be good as against the motion to strike.

I also concur in the reversal of the judgment in dismissing the defendant Industrial Nucleonics Corporation.