**BROWN, Plaintiff, v. POLLARD, Sr. et, Defendants.**

Common Pleas Court, Madison County.

No. 19528. Decided May 27, 1953.

Dale D. Rapp, Columbus, for plaintiff.
Benoy & Sebastian, Columbus, for defendant.

## OPINION

By BELL, J.

This cause came on to be heard on the defendant's motion to strike the first, third and fourth specifications of negligence from plaintiff's petition. The matter was submitted on the memoranda of counsel.

This question of "specifications of negligence" is one of considerable interest to this Court and a question on which it has expressed itself on several occasions.

Counsel for plaintiff has stated in his memorandum that "it has long been a form of good pleading to separately state and number different specifications of negligence." This Court cannot agree that it constitutes good pleading. I realize that due to the tolerance by courts, both trial and review, of the practice of setting out specifications of negligence they have received some measure of respectability in pleading, to the extent even that they are included in some of the form books. But I am also firmly convinced that in the vast majority of

cases in which they are used they are unnecessary and in many cases improper. Such specifications can be intended for but one of two reasons: either they are designed to influence, perhaps prejudice, a jury; or they are intended to inform the Court of what he is expected to charge. If for the former reason, they are improper; if for the latter, they are in most cases unnecessary.

This Court is gratified to learn that his crusade to confine pleadings to a statement of facts "constituting a cause of action . . . . in ordinary and concise language" has been joined by Judge G. H. Birrell of the Common Pleas Court of Trumbull County, who said in the case of Capron v. Frost, Trumbull County case No. 51067:

"I have been interested in this opportunity to search the cases in text books and determine, for myself, the value of specifications of negligence, and have come to the conclusion that while the Court very definitely should appreciate the thoughtfulness of the plaintiff in detailing the manner in which the defendant is alleged to have been negligent, and in referring to the statutes which it may be claimed the defendant has violated, yet such detail is unnecessary, and may be stricken from the pleading at the request of the defendant. A statement of fact constituting the cause of action in ordinary and concise language is sufficient."

What do the specifications add to the petition in this case? Plaintiff, after alleging that he had stopped at an intersection in response to a stop sign, alleges that the defendant ran into and collided with the rear end of the plaintiff's automobile. Then his first specification of negligence is that the defendant did so without giving the plaintiff any warning of his intention to do so? Is the plaintiff alleging a wilful tort? If so, it certainly should not be labelled a specification of "negligence." The ultimate question of negligence here is whether or not the defendant was driving at such speed that he could stop within the assured clear distance ahead. If he could not do so, all the signals or warnings in the world would not have prevented the accident and the failure to warn is not the ultimate fact of negligence.

The third and four specifications are that defendant did not have his automobile under control and did not keep a look-out ahead. After alleging that the defendant ran into and collided with the rear of plaintiff's automobile, is it not obvious that he did not have his car under control and that he did not keep a look-out ahead? The fact of collision alone should be sufficient answer to such interrogatories, unless again it is contended that the defendant acted wilfully.

Specifications of negligence such as appear in this petition (although no more so here than in the vast majority of cases) are an open invitation to opposing counsel to move to strike them. And thus they become a gateway through which enters much of the criticism of "too much delay" that is often directed, with considerable justification, at the legal profession.

The motion to strike will be sustained.

Counsel for defendant may prepare an entry accordingly, noting plaintiff's exceptions and leave to amend within thirty days, and submit the same to counsel for plaintiff and to the Court for approval.