**UCCELLO, Plaintiff, v. INTERSTATE TRUCK SERVICE, INC., Defendant.**

Common Pleas Court. Trumbull County.

Nos. 62990. 62991    Decided April 1, 1954.

Sieman & Sieman, Warren, for plaintiff.
Hoppe, Day & Ford, Warren, for defendant.

## OPINION

By BIRRELL, J.

In each of these two cases the Defendant has moved "for an order striking from the Petition of the Plaintiff * * * all of the Plaintiffs' specifications of negligence." The specifications are the same in each case which are both founded upon the same accident. The wife, Plaintiff in case No. 62990, sues for her own injuries, and her husband, Plaintiff in case No. 62991, sues for damages by reason of medical expense and his loss of her wifely services.

Plaintiff's specifications of negligence in each case are as follows:

"Plaintiff further says that said collision and her resultant injuries and damages were caused solely and directly as a result of the negligence on the part of the Defendant, by and through its driver, and his disregard of the safety of the plaintiff, in the following respects, to-wit:

"1. In failing to reduce the speed of its truck upon approaching the intersection and commencing a right turn into the intersecting highway along which Plaintiff was proceeding.

"2. In failing to apply his brakes or bring said truck to a stop before driving in to the left side of the Plaintiff's automobile.

"3 In commencing and completing said right hand turn without driving said truck along the right edge of the intersecting highways.

"4. In failing to drive said truck upon the right half of the roadway, but instead in driving same over onto the left (north) side of said Evansville Road and into the left side of the Plaintiff's automobile.

"5. In failing to blow a horn, give a hand signal or light signal or any other warning or signal of his intention to make said turn and to proceed over into the left (northerly) side of the road in which the plaintiff's automobile was situated.

"6. In failing to keep a look-out ahead and to the sides of said truck to observe the presence, approach and position of the plaintiff's automobile.

"7. In failing to have said truck under control.

"8. In failing to turn said truck over onto the right side of the road or otherwise change the course and direction thereof so as to prevent driving same into the left side of the plaintiff's automobile."

In each petition Plaintiff had already alleged in the preceding paragraph that the driver of Defendant's truck

"made a wide right turn (at the intersection) in order to proceed in an easterly direction * * * and in so doing drove over on to the left (north-

erly) side of said * * * road * * * and drove * * * into the left side of (Plaintiff's) automobile * * *"

This narrative is the proper statement of Plaintiff's cause of action in each case, and is sufficient to admit evidence of the manner in which the collision came about, without the strained attempt to plead the legal significance of each alleged movement or inaction. The distinction between the "concise" statement and the "specifications of negligence" is purely in the realm of English grammar  The concise description of the manner in which the collision occurred sets forth the cause of action: the labored specifications, is an argument, commonly designated a conclusion of law. The former is proper: the latter, improper. The idea which Plaintiff is attempting to convey in the specifications is that the **collision was caused by negligence.** In stating a cause of action it is only required to allege once, and without repetition, that the actions of the defendant were negligently done. The so-called specifications allege a conclusion which the Plaintiff desires the Court and Jury to adopt as their finding in the case. The proper place for Counsel to argue this point is to the Jury, not in his Petition.

The Court must declare the legal obligation arising from the facts: it is unnecessary for the pleadings to do so

**Davis v. Guarnieri, 45 Oh St 470, pp. 485-6.** "The Plaintiff, in the case at bar, having alleged that the defendant carelessly sold and delivered to the Plaintiff a poisonous drug for harmless medicine, could safely rest the issue upon such averment. To plead specially all the facts and circumstances from which the negligence could be inferred would be to plead evidence instead of facts."

**The S. E. & W. Railroad Co. v. Mackey, 53 Oh St 370, p. 382.** "The general rule is that allegations which adequately state the facts of negligence are sufficient to constitute good pleading. An allegation specifying the act, the doing of which caused the injury. and averring generally that it was negligently done, states a cause of action, although it be not apparent from the complaint how the injury resulted from the negligence alleged."

**Miller v. Dayton, 70 Oh Ap 173, pp. 176-7.** "It is well recognized that one may not plead legal conclusions but must set forth factual averments from which it appears that there has been a violation of legal rights  So that to state that a given set of facts constitute a nuisance or create a dangerous condition is objectionable pleading and add nothing whatever to the force and effect of the fact pleaded."

See also **Gerend v. City of Akron, 137 Oh St 527.**

Ohio Courts have held repeatedly that conclusions of law have no place in Petitions. It is necessary to cite only 31 O. Jur., p. 552, No. 21 et seq., and the many cases supporting the text in the notes and supplements thereto. Some more recent decisions on this point are:

**Munn v. Heriff, 10 O. O. 208, 25 Abs 570; Heim v. Deshler Wallick Hotel Co., 35 Abs 395; Davis v. Rolling Mills, 54 Oh Ap 298 at p. 301; Tag v. Linder, 87 Oh Ap 302, 42 O. O. 432, 57 Abs 248; Brown v. Pollard, 51 O. O. 214, 66 Abs 253; Mutual Insurance Co. v. McGinnis, 54 O. O. 42, 68 Abs 390.**

Plaintiffs in our cases endeavor to excuse themselves and support their pleadings by citing the following Supreme Court Decisions:

**Winzeler v. Knox, 109 Oh St 503**, at p. 517; **Bradley v. Rapid Transit, 154 Oh St 154**, at p. 162; **Centofanti v. Railroad Company, 157 Oh St 396.**

No one of these cases decide. nor is their syllabus. nor their Opinion. a determination of, whether conclusions of law may be employed in stating specifications of negligence   The Supreme Court in each case passes upon the pleadings and the record which was presented to it on the appeal.

The proposition that a specification of negligence should or should not be included in a Petition apparently has never reached the Supreme Court in the form of appeal from the sustaining of a Motion to Strike. Whatever rulings Trial Courts have made upon objections to various forms of such specifications have not prevented cases from going to the Jury, and being submitted upon the law, as it applied to the actual facts proven in the case.  Consequently no one has usually bothered to appeal from the rulings of Trial Courts upon the striking of specifications of negligence. Trial Courts likewise may have varying views, and may make varying rulings, on this subject, for it is, perhaps, somewhat of a discretionary matter with Trial Judges.  Unless stricken out below the Reviewing Courts naturally recognize the existence of the pleadings as received by them.   Their Opinions therefore have discussed such pleadings without passing upon the validity or irregularity of such specifications.

In the citation from the Winzeler case, supra, it is claimed that the following sentence from Justice Marshall's Opinion, at page 517, up-holds Plaintiff's right to include specifications of negligence:

"In an ordinary action for negligence. a Petition containing only a general allegation of negligence. without any specification of acts or conduct which would advise the Defendant of what he would have to meet at the trial would undoubtedly be demurrable."

It will be noted that Justice Marshall did not say "specifications of negligence," but referred to "specifications of acts or conduct which would advise the Defendant of what he would have to meet." "Specifications of acts or conduct" should point out what the Defendant is claimed to have done   It is not believed that this phrase can be interpreted to include a statement that such "act" or "conduct" constitutes negligence   Judge Marshall merely says that unless the Petition specifies "acts or conduct" which under the law constitutes negligence the Petition might be Demurrable   Considering this sentence as part of a reasoned opinion. his following sentence (at p. 517) completes his thought and is as follows:

"and by the same token a general allegation in a petition of a failure to comply with the sections * * * of the Act must also be held to constitute a mere legal conclusion"

which statement furnishes more weight to the argument against pleading legal conclusions, than the previous sentence is claimed to furnish, for such practice.

In the Bradley case it is likewise claimed that a statement from Judge Stewart's Opinion authorized Plaintiff's so-called specifications of negligence.  Again it should be noticed that Judge Stewart says that a proper petition must include "Averments stating facts which it is claimed constitute negligence."  Judge Stewart is also stating the concept mentioned in the Winzeler case by using the phrase, "averments stating facts," instead of the phrase, "specifications of negligence."

In the Centofanti case, above, it may be repeated that the common refer-

ence to such type of pleadings does not constitute an approval of this practice, nor does reference to such specifications by Trial Courts in their charges to Juries necessarily approve the practice, because, unless the Petition has been attacked by Motion, it is unnecessary for the Trial Court to interfere therewith.

The undersigned in times past has participated as an attorney in the trial of negligence cases wherein he not only found difficulty in framing specifications of negligence, in his own pleadings, to match artful example of Plaintiff's petitions, but also listened to labored charges of a Trial Court in its struggle to read to the Jury and explain minutely and separately each of numerous specifications which had been shrewdly designed by skillful lawyers to impress upon the Jury the many and suggestive pit-falls of negligence which even the wary driver could never have avoided. The result of such intricate proceedings was a complete failure to clearly define the requirements of ordinary care to an ordinary Jury in ordinary and concise language. Of course the Statute does not require the charge to be given in ordinary language, but if it were given in the complicated language of prolonged and involved specifications, such as appear in our instant cases, neither can the Judge express, nor is it possible for a Jury to assimulate, a fair concept of the law on the subject.

Specifications in the form of conclusions of law as set forth in Plaintiffs' Petition in these cases are more of a hinderance to the Court than a help. The excessive attempt to repeat, expand, elongate, exaggerate and extend such specifications leads to confusion as to the actual averments of the Petition. Better that the facts be pleaded as facts, rather than as complicated arguments. There is no necessity of such confusion being thrust upon the Trial Judge. Plaintiff should be required to observe the law, and plead his case in the "ordinary and concise" language required by the Statute. Plaintiff, if he desires to inform the Court of his claimed specifications of negligence, should better have furnished a Trial Brief to the Judge. Such helpful procedure has been followed in Ohio Courts, and was suggested in an article by Chief Justice Vanderbilt of New Jersey, recently reprinted in one of the legal magazines.

The respective duties of lawyers, judges and Juries are so clearly defined in this respect by our Supreme Court that the question of the extent of the lawyers art in framing pleadings is clear.

**Hadfield-Penfield Steel Co. v. Sheller, 108 Oh St 106 at page 110-111.**

"A cause of action arises from both facts and law, and, while it is frequently stated that a petition must show a good cause of action, it is nevertheless a fundamental principal of pleading that the legal obligation should not be stated. The pleader should state only the operative facts. The pleading is addressed to the Court, and it becomes the duty of the Court to add the law to the operative facts, thereby completing the process. It is only necessary to introduce evidence to substantiate the operative facts. * * * If it is a Jury case that is on trial, it is not necessary for the pleader to allege the legal duty in the pleadings: * * *: When the evidence is all introduced it becomes the duty of the Court to advise the Jury of the legal obligations arising upon the facts which the evidence tends to prove, and, from a consideration of the evidence received from the witness stand and the law stated by the Court, the Jury reach a verdict."

**Louden v. Cincinnati, 90 Oh St 144 at p. 159.**

"The amended petition does not aver in terms that the injury to Plaintiff's property was the natural, or necessary, or probable, result of Defendants' acts, but it does aver a trespass * * * It is not necessary that a pleader should draw a conclusion from the facts pleaded. It is sufficient if the allegation of the petition states the facts upon which Plaintiff relies for recovery, and if the plaintiff is able to maintain by proofs the allegations of her amended petition, she is entitled to recover for the damages resulting from the invasion of her rights and the destruction of her property."

Doubtless there are many such lucid explanations in both the earlier, and in the more recent, opinions of our learned Judges. In fact it should be unnecessary to encumber the law books with repetition of this elementary matter. That the Ohio rule is in accordance with the general rule is shown by the following references:

21 R. C. L. No. 5 p. 440—text & notes 10-11; 49 C. J. No. 19 (3) p. 47 text and notes 14-15; 71 C. J. S. No. 13-15 pp. 34-41 text and notes 13-16, 33, 38; 41 Am. Jur. No. 16 pp. 300-1.

Since pleadings need not go to the Jury possibly it makes little difference what is included therein. The Court, by applying sufficient inspection, may avoid error in most complex matters without striking anything from the pleading. But by employing some of this dexterity early, attorneys might be induced to help rather than hinder in the judicial process. We all admit that it is more difficult to present a matter in "ordinary and concise" language. It is generally supposed that the Juror better understands simple terms. Surprising as it may seem, it is the Juror who has the last guess at what the Plaintiff is driving at. Why should the Judge wait till the last day "in the afternoon," when ordinary and concise language may be encouraged early in the proceedings and less liability of misunderstanding be promoted in the instructions to the Jury.

Journals may be drawn in accordance with this Opinion.