**MECUM, Plaintiff, v. BESHORE, Defendant.**

Common Pleas Court, Fayette County.

No. 21412.   Decided April 26, 1954.

Stephen M. Young, Cleveland, John C. Fontana, Columbus, for plaintiff.

Otis B. Core, Washington C. H., for defendant.

## OPINION

By CASE, J.

On December 3, 1953, Plaintiff filed her third amended petition herein; and on December 15, 1953, Defendant, Earl R. Beshore, filed his motion thereto which reads:

"Now comes the defendant and moves the court for an order striking from plaintiff's third amended petition the specifications of negligence either severally, separately, or parts thereof, beginning with the third paragraph on page 1 of the petition and running through the second specification on page 2 thereof.

"The defendant further moves the court to strike from said petition the last paragraph thereof pertaining to interrogatories immediately preceding the prayer."

Those portions of Plaintiff's third amended petition so objected to read:

"Plaintiff further says that the Defendant Earl R. Beshore was negligent in the operation of said Ford truck in the following particulars, to-wit:

"FIRST: That he was careless and negligent in operating said truck at a greater speed than was reasonable and proper in the following manner, to-wit:

"(a) That he operated said truck at a rate of speed that

was greater than was reasonable and proper having due regard to the traffic, surface and width of the highway and of the conditions then and there existing, to-wit: At a rate of speed of at least 55 miles per hour.

"(b) That while the defendant operated his truck upon the southerly half of said highway, to-wit: upon the same side that the automobile in which plaintiff was riding, was being operated; that he operated the same at a speed greater than would permit him to bring said truck to a stop within the assured clear distance ahead and on the south side of said highway, the rate of speed being about 55 miles per hour.

"SECOND: That the defendant operated said truck from the north or right hand side of the highway onto the south or wrong side of said highway and failed to yield the right of way thereon to the automobile in which plaintiff was riding; that the defendant failed to keep a lookout as he approached the automobile where this plaintiff was riding and failed to exercise any care whatsoever to avoid striking the automobile occupied by the plaintiff.

      *        *        *        *

"Plaintiff further says that she has no information concerning the circumstances surrounding the operation and ownership of the automotive truck involved in the collision, all of which is material to the Plaintiff's cause of action herein set forth, and has no means of obtaining said information except by annexing to this petition interrogatories pertaining thereto and directed to the Defendant to be answered by him."

Defendant's memorandum in support of said motion to strike reads:

"I

"In the second paragraph of plaintiff's third amended petition the plaintiff attempts to set forth operative facts. However, the petition goes on in the third, fourth, fifth, sixth and seventh paragraphs to hash the matter over again and again by the use of redundant words prejudicial to defendant's rights before a court and jury.

"The defendant objects to the following words:

"1. In the third paragraph 'was negligent in the operating of said Ford truck.' Repeated in the fourth paragraph 'was careless and negligent in operating said truck.'

"2. In the fourth paragraph 'than was reasonable and proper' repeated in the fifth paragraph 'than was reasonable and proper.'

"3. In the fifth paragraph the words 'at a rate of speed of at least 55 miles per hour' repeated in the sixth paragraph 'the rate of speed being about 55 miles per hour.'

"4. In the second paragraph of the petition it is set forth

that the plaintiff was going in the general easterly direction and the defendant was going in the opposite direction on U. S. Route 22 and the defendant veered onto the wrong side of the road; in the sixth paragraph it is said 'that while the defendant operated his truck upon the southerly half of said highway, to-wit: upon the same side that the automobile in which this plaintiff was riding was being operated.' This is again repeated under the second paragraph on the second page where the petition says 'that the defendant operated said truck from the north or right hand side of the highway onto the south or wrong side of said highway and failed to yield the right-of-way.'

"The pleading is replete with conclusions, repetitions and surplusage. This is certainly not concise language.

" 'The first pleading shall be the petition by the plaintiff which must contain: a statement of facts constituting a cause of action in ordinary and concise language . . . .' Sec. 2309.04 R. C. (formerly §11305 GC.).

"See also McCune v. Industrial Nucleonics Corp., 63 Abs 449.

"See also Harris v. Webb 22 O. N. P. (ns) 359.

"II

"The defendant also objects to that part of the first specification worded as follows:

"1. 'At a greater speed than was reasonable and proper.'

"2. 'That he operated said truck at a rate of speed that was greater than was reasonable and proper having due regard to the traffic, surface and width of the highway and of the conditions then and there existing, to-wit: at a rate of speed of at least 55 miles per hour.'

"No operative facts are made whatever as to the traffic, surface and width of the highway and of the conditions then and there existing. What were their conditions? Since speed is not of itself negligence per se, all or part of this paragraph should be stricken. See Swoboda v. Brown, 129 Oh St 512.

" 'It is a fundamental principle that a pleading should state facts and only facts, and not mere legal conclusions or the conclusions of the pleader. It is the duty of the court to declare the conclusions and of the pleader to state the premises.' 31 O. Jur., 552-3.

"III

"In the first specification of negligence labeled (b) it is attempted to bring in the principle of 'assured clear distance ahead.' It is well established that §4511.21 R. C. (formerly §6307-21 GC) has no application to this situation.

"See Thompson, Admx v. Kerr, 39 Abs 113.

" "The assured clear distance ahead provision of §12603 GC is intended solely for the protection of persons, vehicles and objects in the same lane of traffic and has no application where a vehicle properly in a lane of traffic departs suddenly therefrom and crossed the highway ahead of and into the proper lane of traffic of an approaching vehicle; an instruction on it in the latter case constituted reversible error.'

"See also **Erdman v. Mestrovich, 155 Oh St 85.**

"These authorities clearly hold that 'assured clear distance ahead' has no application to approaching vehicles from the opposite direction.

"IV

"In the specification labeled **Second** there is again a re-hash of repetition and irrelevant matter charging the defendant drove on the wrong side of the highway; failed to yield the right-of-way; failed to keep a look-out; and failed to avoid striking the automobile occupied by plaintiff.

" 'A pleader should allege only material and issuable facts, and those facts only, which constitute his cause of action or defense. Immaterial facts should not be alleged, and if alleged, may on motion be stricken out.' **(31 O. Jur., 546.)**

"Under the essential facts alleged in the petition there was but one actionable negligent act of the defendant—not four. That negligible act consisted of the breach of duty which defendant owed to the plaintiff not to drive his truck upon the left half of the highway where the plaintiff had the right to be.

"PART 2

"The last paragraph immediately preceding the prayer of the petition attempts to explain the reason for attaching interrogatories. Such allegations can not be material or issuable facts such as may only be included in the pleading. They are immaterial and irrelevant. This paragraph has no place in the petition according to the most rudimentary elements and principles of pleading."

The contra memorandum filed by Plaintiff herein, in so far as it opposes Defendant's aforesaid motion and memorandum, reads:

"The third amended petition is we believe in the from ordinarily used in all courts and we think that the motion to strike should be overruled. * * *"

Coming now to consider that portion of Defendant's motion, which seeks to have the above quoted specifications of negligence stricken from Plaintiff's third amended petition, this Court is of the opinion that the authorities cited and arguments set forth in Defendant's memorandum are appro-

priate and sufficient to sustain and warrant the granting thereof.

Although it does not appear that further citations and discussion are necessary or required, it is pertinent to note the following comments of Judge Bell in grainting a similar motion in the case of **Brown v. Pollard, 51 O. O. 214, 66 Abs 253, 112 N. E. (2d) 692:**

"Counsel for plaintiff has stated in his memorandum that 'it has long been a form of good pleading to separately state and number different specifications of negligence.' This court cannot agree that it constitutes good pleading. I realize that due to the tolerance by courts, both trial and review, of the practice of setting out specifications of negligence they have received some measure of respectability in pleading, to the extent even that they are included in some of the form books. But I am also firmly convinced that in the vast majority of cases in which they are used they are unnecessary and in many cases improper. Such specifications can be intended for but one of two reasons: either they are designed to influence perhaps prejudice, a jury; or they are intended to inform the court of what he is expected to charge. If for the former reason, they are improper; if for the latter, they are in most cases unnecessary.

\* \* \* \*

"Specifications of negligence such as appear in this petition (although no more so here than in the vast majority of cases) are an open invitation to opposing counsel to move to strike them. And thus they become a gateway through which enters much of the criticism of 'too much delay' that is often directed, with considerable justification, at the legal profession."

This Court is in accord with and subscribes to the comments and reasoning of Judge Bell as quoted and set forth above.

The Court comes now to consider that portion of Defendant's motion which seeks "to strike from said petition the last paragraph thereof pertaining to interrogatories" and PART 2 of defendant's memorandum in support thereof which reads:

"The last paragraph immediately preceding the prayer of the petition attempts to explain the reason for attaching interrogatories. Such allegations can not be material or issuable facts such as may only be included in the pleading. They are immaterial and irrelevant. This paragraph has no place in the petition according to the most rudimentary elements and principles of pleading."

The paragraph which Defendant seeks to have stricken reads:

"Plaintiff further says that she has no information concerning the circumstances surrounding the operation and ownership of the automotive truck involved in the collision, all of which is material to the Plaintiff's cause of action herein set forth, and has no means of obtaining said information except by annexing to this petition interrogatories pertaining thereto and directed to the Defendant to be answered by him."

Sec. 2309.43 R. C. (formerly §11348 GC), reads:

"A party may annex to his pleading, other than a demurrer, interrogatories pertinent to the issue made in the pleadings, which interrogatories, if not demurred to, shall be plainly and fully answered under oath by the party to whom they are propounded, or if such party is a corporation, by the president, secretary, or other officer thereof, as the party propounding requires."

Such statutory authority, to attach interrogatories to a pleading, is clear and specific. No explanatory contingency or condition precedent is indicated as a prerequisite to the exercise thereof. By the express provisions of the statute, the pleader is thereby granted the absolute and positive right to so attach such interrogatories without being required to state or specify any reason or explanation for attaching same.

It is equally clear that any objection with respect to the relevancy, materiality, pertinency and propriety of all or any portion of such interrogatories can be raised and objected to only by the filing of a demurrer to said interrogatories.

Therefore, in order to comply with approved and established rules of good pleading, the pleader, in exercising such statutory authority, should confine his statements, concerning the attachment of interrogatories to such pleading, to simple and unembelished assertions that such interrogatories have been so attached to his pleading together with an equally simple request that the opposing party be required to answer same plainly and fully under oath.

When the pleader goes beyond the ordinary and usual meaning of the language set forth in §2309.43 R. C., by stating in his pleading some reason or explanation for such attachment, it is clear that the pleader seeks to prematurely raise issues which are properly and solely confined to determination upon demurrer to such interrogatories as specifically provided for in the statute. Therefore, such reasons and explanation, so set forth in his pleading, are contrary to the express intent and purpose of said §2309.43 R. C.

It is also clear that such reasons and explanation might be motivated with desire and intent on the part of the pleader to influence or prejudice a jury or to inform the court, in ad-

vance of an anticipated demurrer thereto, of justification for the information so requested. Obviously, any such desire or intent to influence or prejudice a jury is highly improper; and such advance reasoning to the court, upon the issues that might be raised by subsequent demurrer, are equally improper and unnecessary.

The contra memorandum filed by Plaintiff herein, in so far as it opposes Defendant's aforesaid motion and Part 2 of Defendant's memorandum, reads:

"* * * In the case of **Deckbrader v. New York Central Railroad, 64 Abs 586,** there seems to be some decision of the court on it. **Sec. 2301-7 R. C.** seems to indicate the propriety of the Interrogatories which we think is sufficient to eliminate the objection to them. * * *"

The report of that case sets forth the entire petition of plaintiff therein and the only portion thereof pertaining to attachment of interrogatories reads as follows:

"Plaintiff attaches hereto certain interrogatories and requests that an officer of defendant corporation be required to answer same plainly and fully under oath."

The above quotation from plaintiff's petition in the Deckbrader case, supra, is clear and concise in purpose and intent. It is in complete accord with approved and recognized rules of good pleading and properly exercises the statutory authority to attach interrogatories; and it does so without appearing to abuse such right for it refrains from the insertion of allegations or argumentative assertions which could be designed to influence or prejudice a jury, or which could be designed to prematurely urge upon the court some argument or justification for sustaining such interrogatories upon the anticipated and subsequent filing of a demurrer thereto by defendant.

In the case at bar, however, the allegations and assertions contained in that paragraph of Plaintiff's petition, pertaining to interrogatories attached thereto, are clearly a violation of the rules of good pleading and constitute an abuse of the express purpose and intent of §2309.43 **R. C.** Therefore, it appears that Defendant's motion, in so far as it seeks to strike said paragraph from Plaintiff's petition, is well made and should be sustained.

For the reasons and upon the grounds above set forth and discussed, this Court finds that:

1. That Defendant's motion, in so far as it seeks an order to strike the FIRST and SECOND specifications of negligence from Plaintiff's third amended petition, is well made and should be sustained; and

2. That Defendant's motion, in so far as it seeks an order

to strike from said petition the paragraph thereof pertaining to interrogatories, is well made and should be sustained.

The Court further finds that Counsel for Defendant should prepare an entry accordingly with appropriate notation therein of exceptions on behalf of Plaintiff and thereupon submit same within fifteen (15) days to Counsel for Plaintiff and to this Court for approval; and that said entry should also grant leave for Plaintiff to file an amended petition on or before June 1, 1954.