**MAYS, Plaintiff, v. MORGAN, Defendant.**

Common Pleas Court, Montgomery County.

No. 112076.  Decided September 17, 1957.

318

Karas V. McDonnell, for plaintiff.
Gus W. Byttner, L. R. Cousineau, for defendant.

## OPINION

By McBRIDE, J.:

The allegations of negligence appear in the petition in the following form:

"Plaintiff further says that at the time of plaintiff's injury, as aforesaid, the defendant was **negligent and careless** of the safety of the plaintiff and others lawfully passing upon and along said dedicated public alley way, in that, she did **negligently and carelessly** maintain said garage in a rotten and decayed and unsafe condition; that defendant **negligently and carelessly** failed and omitted to replace said rotten and decayed garage with sound material of sufficient strength to support said garage, but did **negligently and carelessly** permit said rotten and decayed garage to remain in an unsafe condition in close proximity to said public thoroughfare, as aforesaid, all of which facts defendant well knew, or, in the exercise of reasonable or proper diligence, should have known but which were not known to the plaintiff."

The defendant moved that the words "negligently and carelessly" be stricken in the four separate places in which they appear. The court sustained the motion for the reason that the words are legal conclusions. The plaintiff thereafter submitted a motion for reconsideration in which he cited general authorities supporting the position that an allegation of negligence is a mixed question of law and fact and that it is permissible to plead general negligence. 41 Amer. Jur. 302.

In the context of this pleading negligence and carelessness are synonymous. Since this redundant combination is repeated four times the motion for reconsideration is denied.

It must be kept in mind that a general averment at large of negligence or contributory negligence, even without specific facts, is, sufficient against a demurrer or at the trial stage. The practice on motion is to require such general allegations to be made definite by specifically stating the facts of negligence complained of. Russell v. Railway Co., 6 ONP (NS) (363) 353; **Railway v. Kistler, 66 Oh St 326.** In the instant case we have a narrower question of what is proper and not a question of what is sufficient, as indicated on the merits in the Kistler case.

Where a general allegation of negligence is stricken or required to be made definite may the pleader properly retain the use of the legal conclusion of negligence if he sets forth the specific acts or omissions? In other words is the use of the word negligence a conclusion of law? May it ever be used in a pleading under the Ohio code practice which requires a statement of facts in ordinary and concise language?

Considerable latitude is allowed the trial judge in the exercise of his discretion on the form of the pleadings. However, the Supreme Court has recently said that "we do not accord such court the same discretion when conclusions of law are pleaded." **Dansby v. Dansby, 165 Oh St 112.**

It is the purpose of pleadings to allege facts and thus present the determinative issues. It is the purpose of special findings and special verdicts to find or determine the true facts. **Masters v. New York Centrad Rd., 147 Oh St 293; 34 O. O. 223.** The test for conclusions of law is the same in pleadings, in special findings, and in special verdicts. As to the use of the word negligence the Supreme Court has said that "a finding that one party was negligent and the other party was not would be a mere conclusion of law." **Dowd-Feder v. Schreyer, 124 Oh St 504; Noseda v. Delmul, 123 Oh St 647; Landon v. Lee Motors, 161 Oh St 82.** Therefore it may be concluded with equal certainty that an allegation that one party was negligent would be a mere conclusion of law and if objected to by way of a motion should not be permitted to remain in the pleading. **Miller v. Dayton, 70 Oh Ap 173, 24 O. O. (508) 507; Uccello v. Interstate Truck Service, 70 Abs 211.** The existence of a statute authorizing special findings on material allegations accentuates the necessity for proper allegations in the pleadings suitable for use in such finding. **Sec. 2315.16 R. C.**

In this connection the use of specifications of negligence, which has achieved a measure of respectability in the practice and in the form books, received another round of discouragement in the opinion in the Dansby case. Basically the objection to specifications is not the typographical form nor the use of numbers to specifically itemize the acts or omissions, but the tendency of such a form to encourage conclusions of law and repetitions of facts. This customary form contains a general conclusion of law that the defendant was negligent and this preliminary statement is followed by an itemized list of acts or omissions, all of which are conclusively alleged to constitute negligence. If the pleader has previously set forth the operational factors the itemized acts usually represent a summary. Thus the specifications become a repetition, frequently in the form of legal conclusions, of acts or omissions which the plaintiff expects to establish. While the form used may be unobjectionable in itself it encourages every possible violation of the rules of pleadings and it requires unavoidable amendments and delays. **Brown v. Pollard, 51 O. O. 214; Mecum v. Beshore, 69 Abs 129; Uccello v. Interstate Truck Service, Inc., 70 Abs 211.**

The practice of drafting a different specification for each point of law defies the statute and overlooks the purpose of pleadings. Since several rules of law may apply to a single act or omission it is impossible to balance the number of specifications with each of the many and refined rules of negligence.

The use of the word "concise" in the statute requires brevity and this in turn suggests a logical and consecutive approach to the allegations. Sec. 2309.04 R. C. A petition which sets forth the physical and operational facts upon which the plaintiff's rights are based, followed by a statement that the defendant committed certain itemized acts or omissions, without characterizing such acts in legal conclusions or repeating facts previously alleged, escapes the customary evils of the use of specifications.

The court may not insist upon any style or form of pleadings however the court must apply the same general rules to each pleading, irrespective of the style or form that may be used.

The statement in the case of **Railroad Co. v. Kistler, 66 Oh St 326** that "the petition should state the acts of commission or omission which the plaintiff claims to have caused the injury; and that statement being made IT IS SUFFICIENT TO AVER THAT SUCH ACTS WERE CARELESSLY OR NEGLIGENTLY DONE OR OMITTED" encouraged a general practice comparable to that used with specifications of negligence. As a matter of fact the Kistler opinion indicates that the trial court erred in overruling the motion to make definite the general allegation of negligence. (p. 333.) Syllabus 2 quoted above conveys an implication as to pleading which is not justified by the case which indicates that an allegation that the company negligently and carelessly operated its locomotive avers no fact.

The pleadings in many cases, reflect the combined use of the words negligence and carelessness; however the propriety of such use does not appear to have been sufficiently condemned on motion. An example of this redundant expression appears in a form recommended in **29 O. Jur. 609:**

"* * * On said day the defendant **carelessly and negligently** drove his said motor vehicle on the wrong side of the highway and collided with the plaintiff's automobile, thereby damaging the same."

Here it is obvious that driving on the left side of the highway and into the front of an approaching vehicle constitutes negligence. The addition of either or both words, "carelessly and negligently," contributes nothing to the facts in the case and furnishes mere window dressing to improperly impress the jury that there is a violation of law. The conclusion as to the "wrong" side of the highway is equally improper.

In the instant case negligence is alleged in another common pattern in which the legal conclusion is repeated with each specific act or omission. This constant repetition of the legal conclusion is more prejudicial than the common use of specifications. And if we interpret the decisions correctly it is an abuse of discretion for the trial judge to refuse to require the removal of such conclusions of law from the pleadings. **Dansby v. Dansby, 165 Oh St 112.**