**BATES, Plaintiff, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

Common Pleas Court, Montgomery County.

No. 107984.   Decided March 28, 1956.

Myers, Mills, Boesch & Cline, Dayton, for plaintiff.
Anthony A. McCarthy, Dayton, for defendant.

## OPINION

By McBRIDE, J.

The plaintiff, as beneficiary, brought this action on a life insurance policy in the amount of five hundred dollars on the life of Edward A. Bates, deceased. The defendant admitted the issuance of the policy in the amount alleged, the death of the insured and the beneficiary named in the policy. In effect, the defendant admitted the allegations of the petition, but set up an affirmative defense of fraud. The defendant alleged that the decedent, Edward A. Bates, fraudulently, and with intent to mislead the defendant, gave false information in answering questions contained in the application which was made a part of the policy; that

the decedent knew the statements were false and that the defendant relied upon the statements and issued the policy, whereas had the answers in the application been truthful, the defendant would have refused to issue the policy. The plaintiff, by way of his reply, generally denied the defense. It was stipulated at the trial that the defendant company had tendered into court for the plaintiff the premiums paid on the policy.

The case was tried before a jury on the issues raised by the answer and the reply, the facts alleged in the petition having been admitted in the answer.

The evidence clearly established the existence in the application of false statements known by the decedent to be false. The decedent was confined in a hospital shortly after the issuance of the policy and died from physical ailments for which he had been regularly treated by a physician prior to the application for insurance. The decedent was a fifty-five year old butcher, advised by his physician that he had a bad heart and kidneys and that he could not lift or carry the weights required in his trade. At the time the decedent applied for the policy he carried a lapsed policy with the defendant company. The lapsed policy required a physical examination for reinstatement. The new policy did not require an examination.

After closing arguments, the defendant company requested a special verdict pursuant to §2315.14 R. C., as amended and effective October 4, 1955.

The defense of a false answer in an application for life insurance is subject to the provisions contained in §3911.06 R. C. (§9391 GC), which provides: "No answer to any interrogatory made by an applicant in his application for a policy shall bar the right to recover upon any policy issued thereon, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved that such answer is willfully false, that it was fraudulently made, that it is material, and that it induced the company to issue the policy, that but for such answer the policy would not have been issued, and that the agent or company had no knowledge of the falsity or fraud of such answer." (Emphasis supplied.)

It is the opinion of the court that where a special verdict is to be rendered under the amended statutes, it is the duty of the court in its general charge (1) to fully, clearly and separately outline and explain each issue necessary for a complete determination of the case; (2) to separately submit in writing to the jury each determinative issue; (3) to furnish instructions as to the rules in weighing and in considering the evidence as to the burden of proof necessary to establish the facts, and as to the rules in determining the credibility of witnesses; (4) to furnish such definitions and instructions of specific law as are necessary to enable the jury to intelligently resolve each determinative issue, without disclosing the general law or judgment that may be rendered; and (5) to explain the function and duty of the jury concerning the rendition of the special verdict. (Secs. 2315.14 and 2315.15 R. C., as effective October 4, 1955; Dowd-Feder v. Schreyer, 124 Oh St 504; Landon v. Lee Motors, 161 Oh St 82, 53 O. O. 25.

Since the foregoing is a modification of the established rule it should

be noted that the second item is required by §2315.15 R. C., which provides that the court submit "in writing each determinative issue," and §2315.14 R. C., which provides that the jury find "separately upon each determinative issue."

The fourth item is a more specific statement as to instructions of law that are "'necessary to enable the jury to clearly understand its function" in a special verdict case. Amplification of the rule as to instructions of law is necessary under the amendments, not because the duty of the trial judge is different in that respect but because of the argument that the court is required to furnish the complete law of the case. **16 O. S. L. J. 460.** The established rule prohibiting any instructions except those generally enumerated fails to distinguish between instructions of law that are necessary and those which are improper, and therefore does not constitute a practical guide for the trial court. The modification expressed here has been accepted in several cases but not directly approved by the Supreme Court.

In presenting the issues the court submitted the following six questions to the jury:

"1. Did the decedent, Edward A. Bates, furnish information relating to his health in the written application for Policy No. 540 855 744?

"2. Was the written information furnished by the decedent, Edward A. Bates, in the application, regarding the condition of his health false?

"3. Was this information, which Edward A. Bates furnished, material to the purpose of the application and the issuance of the policy?

"4. Did the decedent, Edward A. Bates, willfully and with intent to mislead the insurance company make false statements as to his health in the application for insurance?

"5. Did the defendant, The Prudential Insurance Company, rely upon the information as to his health furnished by the decedent, Edward A. Bates, in the application for an insurance policy?

"6. Did the defendant, The Prudential Insurance Company, or its agent, know that the statements regarding the health of Edward A. Bates, as contained in the application for insurance, were false?"

In explaining the specific law and definitions necessary to resolve these questions the court furnished the jury with the basic law as to fraud outlined in Wood v. John Hancock Life Insurance Copmany, Franklin County Common Pleas Court, as provided in Fess on Ohio Instructions to Juries, Section 54.22, avoiding however any reference to the general law as to which party might recover and avoiding any statement as to the effect of the findings of the jury.

The jury answered all six questions in the affirmative. After the special verdict was read the following took place in the court room:

"The court: Members of the jury, as I understand your answers to these interrogatories, you have answered the first five in the affirmative and you have answered No. 6 in the affirmative indicating that the defendant, The Prudential Insurance Company, did know these statements were false.

"Foreman: Or its agent.

"The court: Either the company or its agent did know that the

statements contained in the application for a policy were false. (To counsel) Any questions? (Indicating none.)"

It is apparent from the testimony that questions No. 1 and 3 were unnecessary as a matter of law. The sixth question, as indicated by the foreman, was the only one which included separate knowledge of the agent. The question was required by §3911.06 R. C., and not because of a specific allegation in the pleadings. That section provides that the insurer seeking to avoid a policy because of a false answer must "clearly" prove that the company and the agent had no knowledge of the falsity of the answer. The insurer must "clearly" establish a negative issue in order to succeed. This is a difficult burden that the legislature has placed upon the insurer, and in view of the circumstances in the evidence in this case the court cannot find that the answer of the jury is against the weight of the evidence.

The language of §3911.06 R. C., is plain and unambiguous and is comparable in purpose to that of §4505.04 R. C. (§6290-4 GC), on certificates of title, which has been the subject of many decisions since **Mielke v. Lieberson, 150 Oh St 528, 38 O. O. 352.**

After the jury was briefly questioned by the court on its verdict and counsel had no further questions, the jury was discharged. Before the jury left the court house, it was observed that the sixth question did not contain a reference as to time.

It is argued that the sixth question is indefinite because of the absence of such expression and because questions No. 5 and 6 are inconsistent. That they are not inconsistent was specifically reported by the foreman, as indicated above. The sixth question was the only one which permitted the jury to express knowledge of the agent.

As the court understands the new amendments, a "determinative issue" is a material allegation of pure or qualified fact contained in the pleadings, or a similar fact not necessarily pleaded, which is controverted by the adverse party, a decision on which enables the court to apply the law and order what judgment shall be rendered. The sixth question related to an issue which, like contributory negligence or the issues in a will contest, need not be pleaded and therefore the parties were not entitled as a matter of right to a special finding on this issue. **Sec. 2315.16 R. C.,** as amended effective October 4, 1955.

Counsel have the right under amended §2315.16 R. C., to special findings on "material allegations" with a special verdict. This feature of the amendments was discussed before submitting the verdict and was one of the reasons which prompted the court, after the verdict was read, to inquire if there were any further questions before the jury was discharged. While counsel may not as a matter of right demand submission of an interrogatory unless the allegations are contained in the pleadings, and, in any event, may not do so after the jury has commenced deliberations, nevertheless the court has the inherent authority to submit an interrogatory on a neglected issue or fact until the jury is discharged. The court may exercise that right in the interest of justice and to avoid a new trial. **Simms v. The Stark Electric Railway Co., 6 Oh Ap 264.** In the instant case a special finding or two would have been very useful on the sixth question. As the facts and circumstances indi-

cate, it was the critical issue; yet it did not appear as an allegation in the pleadings.

The inclusion in the sixth question of an expression referring to the time the policy was issued would have avoided any doubt as to the verdict which is otherwise consistent and complete. The issues in the case related to the statements on the application, the circumstances and conduct of the individuals prior to the issuance of the policy. All of the questions, construed together, related to the same period of time. In addition, in explaining the issues to the jury, the court specifically instructed the jury in the general charge, as follows:

"And in the last question, you will answer the question as to whether or not the insurance company, **or its agent,** knew, that is had knowledge, **at the time that it issued the policy** that the statements made by Edward A. Bates in the application were not true."

The jury was specifically informed that this question related to knowledge at the time the company issued the policy. It must be assumed that the jury followed those instructions.

The law favors special verdicts and will sustain them whenever it can be done consistently with the rules by which they are governed. Where findings will fairly admit of an interpretation which will harmonize them with one another that interpretation should be given, rather than one which will destroy the findings and the verdict. 53 Am. Jur., Section 1093, page 757. The general rules for the construction of special verdicts fail to include the precise question raised in the instant case as to the reliance that may be placed upon the instructions of the court in construing a special verdict. 39 O. Jur. 1145; 53 Am. Jur., Section 1078, page 747; 24 L. R. A. 1, et seq.

The first five questions submitted to the jury related to the time prior to the issuance of the policy. It may be plainly and reasonably inferred that the sixth question related to the same period of time since no other time was in issue in the case. In addition, the court expressly instructed the jury that the sixth question related to knowledge prior to the issuance of the policy. It is the duty of the court to separately outline and define the issues in a special verdict case and a construction consistent with the court's express instructions, required by the rules governing special verdict procedure, is proper and is in conformity to the general presumption that the jury followed the instructions of the court.

Where all the questions submitted to the jury plainly and reasonably referred to a time prior to the issuance of a life insurance policy and the court in its general instructions to the jury expressly instructed the jury that the final question related to knowledge prior to the issuance of the policy, it is proper for the court, in construing the final question contained in the verdict to adopt a construction consistent with all of the other questions and consistent with instructions of the court.

The memorandum of the defendant is based almost exclusively upon the case of **John Hancock Mutual Life Insurance Company v. Luzio, 123 Oh St 616,** and is directed in support of defendant's motion for judgment notwithstanding the verdict. The citation is a strong case which appears to qualify an express legislative condition and must be considered

carefully. At several points in the opinion it is pointed out that "neither the application or the answers to interrogatories are contained in this record." P. 627. The rights discussed are those of the insured and not those of the beneficiary. The reference to a conspiracy to defraud is not involved here nor is it supported by any evidence in the instant case. In view of the unqualified condition precedent in §3911.06 R. C. (§9391 GC), and the finding of the jury that the insurer failed to establish that its agent did not know the statements were false, the motion for judgment notwithstanding the verdict is overruled.

The defendant, The Prudential Insurance Company, having failed to establish that its agent did not have knowledge of the falsity of the statements, has not maintained its defense under §3911.06 R. C., and the finding and judgment is for the plaintiff for the amount of the policy with interest.