**NOVY, Admrx. et, Plaintiff-Appellee, v. CLEVELAND (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23866. Decided January 16, 1957.

Krewson, Williams & Krewson, for plaintiff-appellee.

Robert F. Mooney, Patrick F. Doyle, for defendant-appellant.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.:

This is an appeal on questions of law from a judgment awarded Emilia Novy, administratrix of the estate of John Novy, her deceased son, who lost his life on October 6, 1951, when thrown over the handle bars of his motorcycle while riding on a heavily travelled thoroughfare in the city of Cleveland, Ohio.

John Novy, the deceased, while riding his motorcycle west on Detroit Avenue, in the vicinity of West 70th Street, veered to the left off the asphalt-covered portion of the street, apparently to avoid a truck parked in his line of travel. The street was partially paved with cobblestones, which stones were adjacent to and between the streetcar tracks on Detroit Avenue. Near the edge of the tracks, and in the portion paved with cobblestones, were holes, made either from the lack of stones, or the pressure of streetcars as they passed over the tracks. These holes

varied in size from twelve to sixteen inches long, eight or ten inches wide, and two to four inches deep. There were many of such holes in this vicinity along Detroit Avenue, in addition to those near West 70th. The City of Cleveland admitted that they had knowledge of the condition of this street for a long period of time.

Mrs. Novy, as administratrix of the estate of her deceased son, sued the City of Cleveland for negligently failing to keep Detroit Avenue open, in repair, and free from nuisance.

From a judgment for the administratrix, the City of Cleveland appeals to this court, saying that prejudicial error intervened in the trial court. Nine assignments of error are asserted. We shall only comment on a claim of error in failing to compel the jury to reply to an interrogatory, and a claim of error in failing to give certain written requests to charge before oral argument.

The jury did not return a reply to one interrogatory, which asked how far from the crosswalk at West 70th Street the hole or holes were which John Novy hit. An interrogatory that was answered did say the holes were on the crosswalk and west of it.

The statute with reference to findings on questions of fact, is **Sec. 2315.16 R. C.** (former §11420-17 GC).

The purpose of interrogatories has been set forth by the Supreme Court in **Anderson, Admrs. v. S. E. Johnson Co., 150 Oh St 169,** where the court said:

"2. The purpose of these provisions is to elicit from the jury such special findings on particular questions of fact as will test the correctness of the general verdict, if a general verdict is returned; and it is error to submit to the jury interrogatories which do not serve such purpose."

And in **Bradley, etc., v. Mansfield Rapid Transit, Inc., 154 Oh St 154,** the court said:

"1. To be proper, under §11420-17 GC, interrogatories prepared and submitted by counsel must call for findings by the jury on particular questions of fact of an ultimate and determinative nature—such findings as will test the correctness of the general verdict returned and enable the court to determine as a matter of law whether such verdict shall stand."

In the light of the reply to the interrogatory which placed these holes in the crosswalk and west of it, we do not believe the trial court erred in not requiring the jury to fix the distance in feet, and furthermore this was evidentiary matter and not a proper subject of an interrogatory under the circumstances herein. The fact that some questions submitted to a jury are not answered is not ground for a reversal, if there is substantial evidence to support the verdict. **Smith, Admr., v. Cushman Motor Delivery Co., 54 Oh Ap 99.**

The City of Cleveland submitted to the trial judge a number of special written requests to charge the jury before oral argument. Several of these requests were refused, and it is this action of the trial judge which counsel for the City now assign as prejudicial error.

It would serve no good purpose to review in detail each special request, since our examination discloses that the trial court acted properly in his ruling on each such special request. Some of these requests to charge the jury did not relate to the evidence, and, in other instances, the request was a repetition of a requested charge previously given to the jury at the instance of counsel for the City.

The Supreme Court said, concerning special requests, in the case of Centrello, etc., v. Basky, et al, 164 Oh St 41, that:

"5. The trial judge is not required to give to the jury before argument any special instruction which is not accurate or correct in essential details or which under the facts of the particular case states the law too strongly against one of the litigants.

"6. It is not prejudicial error to refuse special instructions before argument, where the substance thereof has been embodied in other requested special instructions given before argument at the instance of the same party."

Counsel for the City of Cleveland in the brief raises another question, that was not called to the attention of the trial judge at the conclusion of the general charge, or at the motion for a new trial. It first appears in this case as comment in the brief. It was not assigned as error in the list of assignments filed herein.

The complaint made here for the first time is that the trial court should have directed a verdict for the City on the basis that John Novy, the deceased, was guilty of negligence as a matter of law in failing to stop within the assured clear distance ahead; or, if such request was refused, that the trial court should have charged on the subject of the assured clear distance ahead. (Sec. 4511.21 R. C.)

One of the witnesses did testify that these holes in Detroit Avenue were visible to her for a distance of nearly 100 feet; however, pictures taken by a competent photographer, and introduced as exhibits herein, make it difficult to see and appreciate the size and nature of these holes when looking straight forward along the street. From a side view, which the witness had, these holes are more easily seen. The witness also was very familiar with the street, for she lived on West 70th Street and came to the intersection every day.

We do not think it was prejudicial error on the part of the trial court to fail to charge on the subject, or to refuse to direct a verdict for the City, on the basis herein now set forth for the first time.

There are several reasons why we come to this conclusion, among them being that these holes were not discernible in the sense that such term is found in the Ohio law.

In the case of Farris v. City of Columbus, 85 Oh Ap 385, the court said, at p. 390:

"The application of the principle of law laid down in the Smiley case hinges on the question whether a hole in the pavement is a discernible object. In the Smiley case the court cites numerous cases where the rule was not applied. It is pointed out in those cases that the driver would not be able to discern a thin wire, a small stake, a patch of ice on the pavement causing the automobile to skid, an unlighted ditch extending

across the highway or an unlighted excavation in the highway. The rule is not applicable unless it be shown that the obstruction or defect is discernible in time to permit the driver to avoid it. If the obstacle in front is, for the first time, in the driver's view after the vehicle has passed the point where the 'assured clear distance ahead' rule would be effective, and the obstacle is then too close to be avoided, the rule has no application."

See also: **Brown v. Wackman, 87 Oh Ap 61,** at p. 67.

The word "discernible," according to Webster's New International Dictionary, Second Ed., means "Capable of being discerned by the senses or the understanding; distinguishable * * *." Synonyms are: "Perceptible, apparent, visible, evident, manifest."

Under the circumstances and the evidence in the instant case, reasonable minds could differ as to the discernibility of the holes, and hence it was not a subject for the court to pass on the question as a matter of law.

In the case of **Keech v. City of Elyria, 85 Oh Ap 503,** the court said that:

"4. Pedestrians on sidewalks are not required, as a matter of law, to keep their eyes continually sighted on the walk. They are required only to exercise such watchfulness and care for their own safety as persons of ordinary carefulness and prudence would observe under the same or similar circumstances."

We must also bear in mind that there is here a claim of omission to charge, not a claim that a charge as given was wrong. The duty of counsel in such a case has been stated frequently. See: **Columbus Ry. Co. v. Ritter, 67 Oh St 53; Beeler v. Ponting, 116 Oh St 432,** at p. 434; **Lytle v. Pennsylvania Rd. Co., 91 Oh Ap 232; Adams, Exr., et al., v. Foley, et al., 36 Oh Ap 295.**

We have carefully read the record of testimony in this case, and find it discloses evidence of sufficient probative value to sustain the claim of the existence of a nuisance, in that the City of Cleveland negligently, after full knowledge of the facts, permitted the existence of potential and unreasonable risk of harm to users of the highway in the form of holes along the car track, and in the travelled portion of the highway, and that, as a direct and proximate result thereof, John Novy was violently thrown from his motorcycle and killed.

We have examined all of the claimed errors, and find none prejudicial to the substantial rights of the appellant, City of Cleveland.

The judgment will be affirmed.

STEVENS, PJ, DOYLE, J, concur.