ELLIOTT, APPELLEE, *v.* BATEMAN ET AL., A PARTNERSHIP, D. B. A. NORTHWAY CABS, APPELLANTS.[*]

(No. 547—Decided January 15, 1959.)

*Messrs. Bolin & Walker,* for appellee.
*Mr. Samuel B. Erskine* and *Mr. James F. Shumaker,* for appellants.

RADCLIFF, J. This appeal on questions of law is from two orders of the Common Pleas Court, the first order overruled defendant's motion for judgment on the special findings of the

[*]Motion to certify the record overruled, March 25, 1959.

jury while the second order sustained plaintiff's motion for a judgment on the general verdict of the jury. This litigation resulted from an automobile and taxicab collision in the city of Nelsonville on February 9, 1956. The plaintiff claimed that he was stopped at a traffic light on Washington Street at a point where Canal Street originates in the city of Nelsonville. He further alleges that he was headed in a westerly direction waiting to make a left turn into Canal Street and that while so situated a taxicab owned by the defendants and driven by the defendants' agent at an excessive rate of speed, headed in an easterly direction, ran into the plaintiff's car causing damage and personal injury. The issues were made up by the second-amended petition of the plaintiff which contained three specifications of negligence and the answer and cross-petition of the defendants. The cross-petition raised the defense of contributory negligence and contained five specifications particularizing the alleged acts of negligence on the part of the plaintiff. The specifications of negligence in the second-amended petition and in the cross-petition of the defendants were all paraphrased sections of the Traffic Code of the state of Ohio. The plaintiff filed a reply denying generally the allegations of negligence on his part.

Before setting forth the assignments of error it will be necessary to give more of a resume of the issues raised by the pleadings and the evidence. You will recall that plaintiff alleged his car was at a standstill in his lane of traffic waiting to make a left turn into Canal Street when the traffic signal indicated such a movement. Plaintiff alleged also that defendants' cab, in addition to being driven at an excessive rate of speed, was being driven to the left of the center line of said street and in the lane of traffic wherein plaintiff's car was stopped; the defendants' cross-petition alleged that the cab was in its proper lane, that plaintiff was making a left turn, and that the car of the plaintiff was on the left of the center line of the street and in defendants' lane of traffic. Physical evidence indicated that the right rear quarter of plaintiff's car was damaged by the collision and that the right front quarter of defendants' cab was damaged.

The defendants tendered ten special interrogatories to the

trial court. The court refused to submit interrogatories Nos. 3 and 4 and defendants withdrew No. 10. The jury returned a verdict in favor of the plaintiff in the sum of $15,000 and answered all seven special interrogatories. This led to the conflicting motions and orders from which the defendants appealed.

The defendants urge the following assignments of error:

1. The court erred in overruling the motion of the defendants-appellants for judgment on the special findings.

2. The court erred in granting the plaintiff-appellee judgment on the general verdict.

3. The court should have rendered judgment for the defendants-appellants.

4. Other errors apparent on the face of the record.

While four errors are urged only two questions are raised thereby. First, the propriety of the interrogatories, as to form, since the amendment of Section 2315.16 of the Revised Code of Ohio. Second, are the special findings of fact irreconcilable with the general verdict so that prejudicial error resulted from entering judgment thereon? We will discuss these questions in the order in which they have been propounded. Prior to October 4, 1955, Section 2315.16 of the Revised Code read as follows:

"When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

The section after amendment now reads:

"When either party requests it, the court shall instruct the jurors, if they render a general or special verdict, specially to find upon particular material allegations contained in the pleadings controverted by an adverse party, and submitted by the court in writing, to the jury, and shall direct the jury to return a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

The contention of the plaintiff herein is that the interrogatories submitted by the defendants do not comply with the language of the present statute and therefore can not be the basis for attack on the general verdict. This question was not posed

by the defendants, appellants herein, but was raised by the plaintiff-appellee by way of defense—there was no cross-appeal —but we must dispose of it before we can justify consideration of the second question.

The Supreme Court of Ohio has as yet not spoken upon the question presented here. The exact question was before the court in the case of *Lee* v. *McClelland-Kennard Co.*, 166 Ohio St., 378, 142 N. E. (2d), 529. In that action the Supreme Court dismissed the appeal as of right but granted the motion to certify the record on May 1, 1957, but before the case was submitted to the court upon its merits, it was settled and dismissed by agreement of the parties on October 16, 1957. The action taken by the Court of Appeals in the *Lee case* was without opinion. In *Johnson* v. *Industrial Commission,* 166 Ohio St., 132, 140 N. E. (2d), 415, the question was passed upon but the trial court's action upon which the appeal was based was taken prior to the amendment of Section 2315.16 so it is of no direct help to us at this time.

The question has been passed upon by courts inferior to the Supreme Court in the following cases: *Bates* v. *Prudential Ins. Co.*, 74 Ohio Law Abs., 21, 134 N. E. (2d), 403; *Case* v. *Carter,* 103 Ohio App., 11, 142 N. E. (2d), 670; *Novy, Admx.,* v. *City of Cleveland,* 76 Ohio Law Abs., 137, 140 N. E. (2d), 19; and *Mays* v. *Morgan,* 77 Ohio Law Abs., 317. It is apparent that the amendment of Section 2315.16 of the Revised Code makes no great change in the effect or purpose of the statute and as long as the answer goes to one of the ultimate facts in the case, the form of question is not important and may be couched in terms which appear to require an answer that may be in part a conclusion of law. This type of question is also permitted if it is followed by another question which asks in what factual manner the party was negligent. The only effect of great importance of the amendment of Section 2315.16 is to make the use of specifications of negligence in pleadings less desirable and fraught with even more danger than before. We conclude that the form of the special interrogatories submitted to the jury in this case is consistent with the language and intent of Section 2315.16 of the Revised Code.

To dispose of the second question in this case it is necessary to set forth the interrogatories and answers in their entirety as well as the general verdict. The general verdict reads:

"We, the jury, being duly impaneled and sworn and affirmed, find the issues in this case in favor of the plaintiff and assess the amount due to the plaintiff from the defendants the said John E. Bateman and Frank North, a partnership doing business as Northway Cabs at the sum of $15,000."

The general verdict was signed by all twelve jurors.

Interrogatory No. 1:

"Do you find from the evidence and a preponderance thereof that the defendants by their employee were negligent? Answer—yes."

This interrogatory was signed by all twelve jurors.

2. "If the answer to No. 1 is 'yes' then of what did such negligence consist? Answer—Excessive speed."

This interrogatory was signed by all twelve jurors.

5. "Do you find from the evidence and by a preponderance thereof that the plaintiff, Robert Elliott, immediately prior to and at the time of the collision had stopped his automobile to the right of the center line of Washington Street and was so stopped at said time and place when the collision happened? Answer—No."

This interrogatory was signed by nine of the jurors.

6. "What do you find from the evidence was the proximate cause of the collision and the resultant injuries to the plaintiff, Robert Elliott? Answer—Lack of control due to excessive speed."

This interrogatory was signed by all twelve of the jurors.

7. "Do you find from the evidence and by a preponderance thereof that the plaintiff, Robert Elliott, contributed proximately in the slightest degree to cause the collision and his resultant injuries? Answer—Yes."

This interrogatory was signed by all twelve jurors.

8. "Do you find from the evidence and by a preponderance thereof that the plaintiff, Robert Elliott, immediately prior to and at the time of the collision was making a left hand turn on to Canal Street? Answer—Yes."

This interrogatory was signed by eleven jurors.

9. "Do you find from the evidence and by a preponderance thereof that the taxicab of the defendants at the time of and immediately prior to the collision was on his right side of Washington Street? Answer—Yes."

This interrogatory was signed by nine jurors.

We now apply to these special findings and the general verdict the tests set forth in the case of *Davis* v. *Turner,* 69 Ohio St., 101, 68 N. E., 819, to see if there is a way, within that framework of reference, to reconcile the special findings of fact with the general verdict and sustain the general verdict. The rule of *Davis* v. *Turner* is still the law in Ohio, recent cases have made little change in its doctrine. See *Klever* v. *Reid Bros. Express, Inc.,* 151 Ohio St., 467, 86 N. E. (2d), 608; *McNees* v. *Cincinnati Street Ry. Co.,* 152 Ohio St., 269, 89 N. E. (2d), 138; *Miljak* v. *Boyle,* 93 Ohio App., 169, 112 N. E. (2d), 340; *Harris* v. *Penna. Rd. Co.,* 77 Ohio Law Abs., 147, 146 N. E. (2d), 744; and *Erie Rd. Co.* v. *Standard Oil Co.,* 77 Ohio Law Abs., 481, 148 N. E. (2d), 712. See, also, 39 Ohio Jurisprudence, 1778, Section 442 *et seq.,* and 53 American Jurisprudence, 750, Sections 1082 to 1085.

Interrogatories Nos. 5, 7, 8 and 9 are those which appear to be in conflict with or repugnant to the general verdict. You will recall the plaintiff alleged that his car was stopped on the north side of the center line of Washington Street headed in a westerly direction. You will also recall the defendants alleged that plaintiff was making a left turn in front of their cab and that the cab was in the proper lane of traffic at all times prior to the collision. In question No. 5 the jurors found that the plaintiff was not stopped at the right of the center line. In question No. 8 the jurors found that the plaintiff was making a left turn into Canal Street prior to or at the time of the collision. In question No. 9 the jurors found that the defendants' cab was on the right side of Washington Street prior to or at the time of the collision. We are purposely omitting question No. 7 from our discussion at this time. Can a general verdict for the plaintiff stand while these special factual conditions have been found to exist at or prior to the collision, all having been caused by the plaintiff, or is there such a conflict between them as to be clearly irreconcilable in a legal sense? We have accorded the general verdict

188

every safeguard and presumption to which the law says the general verdict is entitled and we must conclude that there is an irreconcilable conflict with the special findings of fact. The collision would not have occurred if only the facts found in questions Nos. 1, 2 and 6 existed. It follows then that the plaintiff must have, as a matter of law, contributed to the cause of the collision. This corollary is reached without any consideration as to the weight of the evidence on the part of this court. This then brings us to question No. 7 whereby the jurors unanimously found that the plaintiff was guilty of contributory negligence; this is certainly consistent with the answer to questions Nos. 5, 8 and 9 and it is not inconsistent with the answers to questions Nos. 1, 2 and 6, but wholly irreconcilable with the general verdict. The trial court's charge on contributory negligence was correct and the jury could not have been misled by the language employed therein.

We must accept the law as we find it and apply it to the cases before us without regard to our feeling as to how the law should be, consequently the judgment appealed from must be reversed and final judgment entered for the defendants.

*Judgment reversed.*

COLLIER, P. J., and GILLEN, J., concur.